## BASSETT, BANK COMMISSIONER
### vs.
## THE WEST HAVEN BANK & TRUST CO.

Superior Court      New Haven County      File #37427

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Robert J. Woodruff,              Attorney for the Petitioner.

Watrous, Hewitt,

   Gumbart & Corbin,              Attorneys for the Receiver.

## MEMORANDUM FILED MARCH 30, 1935.

BOOTH (JOHN RUFUS), J.   The motion is to direct the receiver of the defendant bank to recognize as a deposit a certain claim of the petitioner. This claim is based upon a transaction involving a Five Thousand Dollar check drawn by S. D. Woodruff & Sons on their commercial account in the West Haven Bank & Trust Company prior to the receivership in question. According to the facts which were admitted, conceded or proven on the hearing, it appears that

on December 18th, 1931, S. D. Woodruff & Sons drew a check dated as of that date on their commercial account in the West Haven Bank & Trust Company for Five Thousand Dollars made payable to the order of the American Bank & Trust Company of Bridgeport, Connecticut. This check was given in payment of a Five Thousand Dollar note owed by S. D. Woodruff & Sons to the Bridgeport bank. The note was stamped paid by that bank under date of December 18th, 1931, and surrendered by that bank to S. D. Woodruff & Sons on delivery of the Five Thousand Dollar Check. The check was then forwarded through collection agents of the Bridgeport bank to the Federal Reserve Bank of Boston, which, in turn, sent it to the West Haven Bank & Trust Company for collection. The West Haven Bank & Trust Company on receipt thereof charged Five Thousand Dollars against the account of S. D. Woodruff & Sons and canceled the check on December 22nd, 1931. The West Haven Bank & Trust Company failed to open for business on December 24th, 1931, through an order of the Bank Commissioner of the State of Connecticut. On December 18th, 21st and 22nd, 1931 ,however, the West Haven Bank & Trust Company being open and doing business was in possession of sufficient funds from which the check for Five Thousand Dollars could have been and would have been paid in cash had it been presented for payment on any of those dates and payment in cash demanded by the proper holder of the check.

The circumstances under which presentation was made were as follows: The Federal Reserve Bank of Boston sent the Five Thousand Dollar check in question to the West Haven Bank & Trust Company in its cash letter of December 21, 1931; it did not demand cash in payment of this check; and the West Haven Bank, in remittance for the check, drew its draft on the Chase National Bank of New York, payable to the Federal Reserve Bank of New York for the account of the Federal Reserve Bank of Boston. At the time of draw-ing this draft the West Haven Bank, on its own books, charged its balance in the Chase National Bank with the amount of the draft. The draft on the Chase Bank remained ultimately unpaid, and was protested for non-payment, due to the closing of the West Haven Bank. Because of this non-payment of the draft there was a later credit back to the Chase Bank account on the West Haven Bank's books. The drawing of the draft was in accordance with instructions from the Federal Reserve Bank of Boston, as contained in a cir-

cular letter, offered in evidence and marked **Exhibit E,** concerning cash items. Furthermore, remittance on cash letters in the Federal Reserve Bank of Boston had previously been made to the West Haven Bank & Trust Company by similar drafts on the Chase Bank, payable to the Federal Reserve Bank of New York for the account of the Federal Reserve Bank of Boston, all without any objection on the part of the Federal Reserve Bank of Boston.

The Federal Reserve Bank of Boston has made claim against the receiver for an amount including that of the check in question. This claim has been allowed in the receivership.

The question presented on this application is whether, upon the aforesaid charging of the petitioner's account in the defendant bank with the amount of the check transmitted by the Federal Reserve Bank of Boston, the balance on deposit belonging to the petitioner was reduced so that even upon the closing of the defendant bank and its failure to pay the draft or check issued upon this item, the petitioner ceased pro tanto to be a depositor. Situations of this general character have been before the Courts of this jurisdiction on several occasions. Where the claimant is a depositor and has sought to obtain funds for his own use by various forms of withdrawing from his own account, it has been held that he remains a depositor until such purpose is accomplished. (**Bassett vs. Merchants Trust Company, 118 Conn. 586.**) On the other hand, where the claimant issues his check in payment of obligations due to third parties, especially where such check is accepted as such payment and therefore the check is presented to the drawee bank under such circumstances that payment could have been had thereon in cash and the account of the claimant is charged therewith, the check is treated as paid upon the issue by the drawee bank of any form of credit agreed to be in substitution for cash, and the drawor ceases pro tanto to be a depositor. (**Bassett vs. City Bank & Trust Company, 115 Conn. Page 1 at 14.**) (**Bassett vs. West Haven Bank & Trust Co., 116 Conn. 609.**) The facts set forth bring the petitioner within the latter rule. Its deposit was reduced by Five Thousand Dollars on December 22nd, 1931, and it is not entitled to the relief prayed for in its motion.

For the foregoing reasons the motion is hereby denied.